IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LUIS PEREZ,                    )
                               )
        Plaintiff,             )    Civil Action No. 06-139J
                               )
    v.                         )    Judge Gibson
                               )    Magistrate Judge Caiazza
C.O. SWEET, et al.,            )
                               )
        Defendants.            )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motion for Summary Judgment (Doc. 18) be denied.

### II. REPORT

This is a counseled prisoner civil rights suit filed on behalf of Luis Perez ("Perez" or "the Plaintiff") in which he asserts that the Defendants failed to protect him from a sexual assault by another inmate on September 3, 2004, while he was incarcerated at the State Correctional Institution at Cresson. It is undisputed that Perez did not file a grievance with respect to the assault. Rather, he waited until after his release from custody to file this lawsuit on May 22, 2006. The Defendants move for summary judgment on the basis that Perez failed to exhaust administrative remedies and that he has procedurally defaulted his claims (Doc. 18). The Plaintiff has responded, and the Defendants' Motion is now ripe for disposition.

Perez's burden in response to a well-pleaded motion for summary judgment is to present "'. . . specific facts showing that there is a *genuine issue for trial.*' Fed. Rule Civ. Proc. 56(e)(emphasis added)" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Here, there are no material facts in dispute. The only question is a legal one relating to the application of the exhaustion requirement.

The applicable -and mandatory- exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a)(emphasis added).

The requirement that a prisoner exhaust administrative remedies is applicable to all inmate suits relating to prison life -including those that involve general circumstances as well as particular episodes. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available administrative remedies.

There is, parenthetically, no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir.2002). The PLRA also requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 126 S. Ct. 2378, 2384-88 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). This is the functional equivalent of the procedural default requirement in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004).

If the PLRA's exhaustion requirement applies to Perez, then he would clearly have defaulted his claim by failing to file a grievance within fifteen days of the incident. However, in the context presented here, the issue is whether the PLRA places a burden to exhaust administrative remedies on a **released** prisoner, *i.e.*, was Perez a "prisoner confined in a jail, prison, or other correctional facility" on the date of the filing of the Complaint thereby making him subject to the exhaustion requirements of the PLRA?

The court recognizes initially that "[i]t is the plaintiff's status at the time he files suit that determines whether § 1997e(a)'s exhaustion provision applies." Norton v. City Of Marietta, 432 F.3d 1145, 1150, (10th Cir.2005) (citing

Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir.2005); Ahmed, 297 F.3d at 210. That said, the relevant inquiry here is answered by reference to the statute itself which expressly applies only to "prisoners." Further, the term "prisoner" is defined as **"any person incarcerated or detained in any facility** who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h)(emphasis added). Clearly, Perez was no longer a prisoner on the date that the instant lawsuit was filed. Consequently, the PLRA is inapplicable to this case. See Ahmed, 297 F.3d at 210 n.10 ("[E]very court of appeals to have considered the issue has held that the PLRA does not apply to actions filed by former prisoners."). In fact, the Third Circuit Court in Ahmed "expressly adopt[ed]" the view that prisoners who have been released from custody on the date their lawsuit is filed are not barred from filing suit by the provisions of the PLRA. Id. Accordingly, the Defendants' Motion for Summary Judgment should be denied.

### III. CONCLUSION

For the reasons set out in this Report it is respectfully recommended that the Motion for Summary Judgment filed by the Defendants (Doc. 18) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 10, 2008. Responses to objections are due by March 20, 2008.

February 21, 2008

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge